THE STATE EX REL. YORK INTERNATIONAL CORPORATION, APPELLEE, *v.* KOPIS, APPELLANT, ET AL.

[Cite as *State ex rel. York Internatl. Corp. v. Kopis,*
114 Ohio St.3d 442, 2007-Ohio-4556.]

(No. 2006–1333—Submitted June 5, 2007—Decided September 19, 2007.)

---

**Per Curiam.**

{¶ 1} This case arises from appellate review of the Industrial Commission of Ohio's award of permanent total disability compensation to appellant Fay H. Kopis.

{¶ 2} Appellee-employer York International Corporation ("York") filed an original action in mandamus in the court of appeals asserting, among other matters, that the commission abused its discretion by failing to consider whether Kopis had voluntarily abandoned the workforce before becoming permanently and totally disabled. The court of appeals agreed with York and issued a writ

that vacated the commission's order and remanded for further consideration and an amended order.

{¶ 3} After a new hearing, the commission found that Kopis could work and therefore denied her permanent total disability compensation. Kopis filed a motion in the court of appeals to require the commission to show cause, arguing that the commission had acted in contempt of the court of appeals' order. The court of appeals denied the motion.

{¶ 4} In this appeal as of right, we must determine whether the court of appeals erred in denying Kopis's motion. We affirm the judgment of the court of appeals.

{¶ 5} On June 12, 2003, the commission found that Kopis could not do sustained remunerative employment and that she was permanently and totally disabled. York then filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission had abused its discretion in awarding compensation to Kopis. The court of appeals found that the commission had abused its discretion by failing to address (1) whether Kopis had failed to participate in rehabilitation and (2) whether Kopis had voluntarily abandoned the workforce before she became permanently and totally disabled. The court accordingly granted the writ and ordered the commission "to vacate its decision that granted permanent total disability compensation to respondent-claimant, Fay H. Kopis, and to issue a new order which grants or denies such compensation and sets forth the basis for its decision."

{¶ 6} The commission reheard the matter on February 16, 2006. Following the hearing, the commission found that Kopis could do sustained remunerative employment and denied her permanent total disability compensation. Rather than challenge the decision through an action in mandamus, on May 19, 2006, Kopis filed a motion to show cause "why [the commission] should not be held in contempt of this Court's Order directing the Commission to address and determine whether [Kopis] (1) failed to participate in a rehabilitation program and (2) voluntarily abandoned the workforce." York filed a memorandum in response to Kopis's motion to show cause, and Kopis filed a reply.

{¶ 7} On June 14, 2006, the court of appeals denied Kopis's motion, stating that "[a] review of the Industrial Commission's February 16, 2006 order reveals a finding of no evidence of attempts at vocational rehabilitation and, while the Industrial Commission did not apparently consider the voluntarily abandonment issue, failure to so consider same would appear to favor the claimant. Claimant has not demonstrated that an original action challenging the Industrial Commission order is not the proper remedy. Claimant–Fay H. Kopis' May 19, 2006 motion to show cause is denied."

{¶ 8} Kopis argues now that the commission was forbidden from considering anew her medical ability to work. She asserts that the commission was bound by its June 12, 2003 determination that she could not work and was limited to deciding whether she was nevertheless foreclosed from compensation by a previous workforce abandonment.[1]

{¶ 9} We disagree. The court of appeals vacated the *entire* order, not just a portion of it. As a result, the commission was required to re-examine all facets of Kopis's eligibility for compensation. Once the commission determined that Kopis could do sustained remunerative employment, the voluntary-abandonment issue became moot. The commission is not in contempt and did not abuse its discretion in considering Kopis's capacity for sustained remunerative employment.

Judgment affirmed.

MOYER, C.J., PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER and CUPP, JJ., concur.

---

Buckley King, L.P.A., and Michael J. Spisak, for appellee.

Lester S. Potash, for appellant.

---

1. Kopis also references the rehabilitation-participation question, but as the court of appeals correctly noted, the February 16, 2006 commission order did address the issue. Consequently, it is not relevant to this discussion.