THE STATE EX REL. MACKEY, APPELLANT, *v.* OHIO DEPARTMENT OF
EDUCATION; INDUSTRIAL COMMISSION OF OHIO, APPELLEE.
[Cite as *State ex rel. Mackey v. Ohio Dept. of Edn.,*
130 Ohio St.3d 108, 2011-Ohio-4910.]

*Workers' compensation—Permanent total disability—Voluntary retirement—*
*Continuing jurisdiction—R.C. 4123.52.*

(No. 2010-1405—Submitted September 21, 2011—Decided September 29, 2011.)

APPEAL from the Court of Appeals for Franklin County, No. 09AP-966,

2010-Ohio-3522.

_____

**Per Curiam**.

{¶ 1} Appellant, Cerena N. Mackey, challenges appellee's, Industrial Commission of Ohio's, denial of her application for permanent total disability ("PTD") compensation. Her application was heard in March 2009 by a commission staff hearing officer. The parties agree that during the hearing, Mackey's 2005 retirement was discussed extensively. The order that followed, however, did not address the issue and did not indicate whether Mackey's retirement was voluntary or involuntary. It simply discussed the medical evidence presented and concluded that Mackey was permanently and totally disabled.

{¶ 2} Mackey's employer, the Ohio Department of Education, moved for reconsideration, alleging that the hearing officer had made a clear mistake of law in failing to determine whether Mackey's retirement was voluntary or involuntary. The commission agreed, granted the reconsideration motion, and set the matter for a hearing on the merits.

{¶ 3} Addressing the retirement issue at the hearing that followed, the commission found that Mackey's retirement from the workforce was unrelated to

her industrial injury and was hence voluntary. It noted that Mackey had retired at age 65 with 36 years of state service. It also emphasized the lack of evidence of medical treatment from 2001 through 2005, which the commission felt undermined the credibility of Mackey's assertion that she retired because of the pain and irritability generated by her allowed conditions. Relying on *State ex rel. Baker Material Handling Corp. v. Indus. Comm.* (1994), 69 Ohio St.3d 202, 631 N.E.2d 138, the commission found that Mackey's voluntary retirement foreclosed PTD compensation, and it vacated the award.

{¶ 4} Mackey filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission had abused its discretion both in reopening the issue of PTD eligibility and in ultimately denying her application. The court of appeals disagreed and denied the writ, prompting Mackey's appeal to this court as of right.

{¶ 5} The commission can invoke continuing jurisdiction under R.C. 4123.52 to correct a clear mistake of law. *State ex rel. Nicholls v. Indus. Comm.* (1998), 81 Ohio St.3d 454, 692 N.E.2d 188. The staff hearing officer's failure to determine whether Mackey's retirement was voluntary or involuntary is a clear mistake of law because it is critical to Mackey's eligibility for a PTD award. As we held in *Baker Material Handling*, a claimant who voluntarily retires from the workforce prior to becoming permanently and totally disabled cannot receive PTD compensation. Id. at paragraph two of the syllabus. The commission did not, therefore, abuse its discretion in reopening the issue of Mackey's PTD eligibility in order to consider the effect of her retirement upon it.

{¶ 6} The commission also did not abuse its discretion in finding that Mackey's retirement was voluntary. Recently, in *State ex rel. Lackey v. Indus. Comm.*, 129 Ohio St.3d 119, 2011-Ohio-3089, 950 N.E.2d 542, we upheld a determination that a retirement was voluntary based in part on an absence of

medical evidence indicating that when the claimant applied for retirement, his ability to perform his regular duties was impaired by his industrial injury.

{¶ 7} Accordingly, the judgment of the court of appeals is affirmed.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Michael J. Muldoon, for appellant.

Michael DeWine, Attorney General, and Charissa D. Payer, Assistant Attorney General, for appellee.

_____