[Cite as *State ex rel. Sheppard v. Indus. Comm.*, 139 Ohio St.3d 223, 2014-Ohio-1904.]

THE STATE EX REL. SHEPPARD, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Sheppard v. Indus. Comm.,* 139 Ohio St.3d 223, 2014-Ohio-1904.]

*Workers' compensation—Permanent total disability—R.C. 4123.52—Continuing jurisdiction of Industrial Commission—Clear mistake of law as basis for granting reconsideration—Commission does not abuse discretion by exercising continuing jurisdiction to correct order granting permanent-total-disability benefits when order failed to address employer's argument regarding an intervening injury—Once jurisdiction is invoked, commission has discretion to reexamine all evidence and decide claim on its merits.*

(No. 2012-1755—Submitted February 4, 2014—Decided May 7, 2014.)

APPEAL from the Court of Appeals for Franklin County, No. 11AP-553, 2012-Ohio-4301.

_____

**Per Curiam**.

{¶ 1} Robert L. Sheppard has appealed the judgment of the court of appeals denying his request for a writ of mandamus. The court of appeals concluded that the Industrial Commission did not abuse its discretion when it invoked its continuing jurisdiction to reconsider a mistake of law and that the commission's continuing jurisdiction vested it with authority to review the merits of the underlying application for permanent-total-disability compensation.

{¶ 2} For the reasons that follow, we affirm the judgment of the court of appeals.

**{¶ 3}**  On October 9, 1997, Sheppard was injured while working for Shelly & Sands, Inc., a self-insured employer.  His workers' compensation claim was allowed for lumbosacral sprain and a herniated disc.  Sheppard also suffered from degenerative disc disease not related to his industrial injury.  Furthermore, in February 2002, he reinjured his back.  That incident was apparently not work-related; in any event, no claim has been allowed for the 2002 injury.  In 2004, Sheppard took early retirement.  MRI results around that time confirmed that his herniated disc had resolved.

**{¶ 4}**  In 2006, Sheppard filed a motion to reactivate his claim to pay for further medical treatment.  The commission determined that the treatment was related to his degenerative disc disease, a nonallowed condition, and denied his motion.

**{¶ 5}**  On March 5, 2010, Sheppard filed an application for permanent-total-disability compensation.  Following a hearing, a staff hearing officer granted the application based on the opinion of Dr. Richard M. Ward.  The hearing officer also identified Sheppard's nonmedical disability factors but did not analyze their effect on his inability to work.

**{¶ 6}**  Shelly & Sands, Sheppard's former employer, filed a request for reconsideration on the basis that the staff hearing officer's order contained mistakes of both fact and law.  The commission issued an interlocutory order finding that the staff hearing officer failed to address the employer's critical argument regarding the 2002 intervening injury and that this omission was a clear mistake of law justifying a further hearing on the matter to address the issues of continuing jurisdiction and permanent total disability.

**{¶ 7}**  Following that hearing, the commission issued a detailed order that (1) confirmed that the staff hearing officer's order contained a clear mistake of law, specifically, his failure to address the employer's critical argument alleging that the 2002 intervening injury was the actual cause of Sheppard's condition, (2)

concluded that there was insufficient evidence that the intervening injury broke the causal connection between Sheppard's current symptoms and the allowed conditions of his claim, and (3) denied the underlying request for permanent-total-disability compensation based on the report of Dr. Charles Lowrey and an analysis of Sheppard's nonmedical disability factors.

{¶ 8} Sheppard filed a complaint for a writ of mandamus alleging that the commission had abused its discretion when it exercised continuing jurisdiction and denied permanent-total-disability compensation. A magistrate concluded that the commission had not abused its discretion and recommended that the court deny the writ.

{¶ 9} Sheppard filed objections to the magistrate's report. First, he argued that the magistrate never explained why the hearing officer's failure to address the intervening-injury argument was a mistake of law, and second, he objected to the magistrate's conclusion that the commission had authority to reexamine the evidence of permanent total disability after finding that there was no intervening injury.

{¶ 10} The court of appeals overruled the objections and denied the writ. The court cited *State ex rel. Mackey v. Ohio Dept. of Edn.*, 10th Dist. Franklin No. 09AP-966, 2010-Ohio-3522, for the proposition that a staff hearing officer's failure to address an issue raised by an employer constitutes a mistake of law sufficient for the commission to invoke its continuing jurisdiction. The appellate court refused to assume that the hearing officer's failure to address the intervening-injury argument meant that he had rejected it. The court also concluded that once the commission invoked its continuing jurisdiction, it had authority to reconsider the issue of permanent total disability.

{¶ 11} Sheppard filed this appeal as of right.

{¶ 12} To be entitled to the extraordinary remedy of a writ of mandamus, Sheppard must show that the commission abused its discretion in carrying out its

duties. *State ex rel. Gen. Motors Corp. v. Indus. Comm.*, 117 Ohio St.3d 480, 2008-Ohio-1593, 884 N.E.2d 1075, ¶ 9. Sheppard maintains that the commission's decision to exercise continuing jurisdiction to review what it described as a mistake of law was an abuse of discretion.

{¶ 13} Sheppard raises the following issues: (1) whether the staff hearing officer's failure to address the intervening injury constituted a mistake of law justifying the exercise of continuing jurisdiction and, if so, (2) whether the commission's continuing jurisdiction vested it with authority to issue a new order that denied permanent-total-disability compensation.

*The Commission's Continuing Jurisdiction*

{¶ 14} R.C. 4123.52 provides the Industrial Commission with continuing jurisdiction over each case to modify or change former findings or orders. But this authority is not unlimited. It can be invoked only when there is evidence of "(1) new and changed circumstances, (2) fraud, (3) clear mistake of fact, (4) clear mistake of law, or (5) error by [an] inferior tribunal." *State ex rel. Nicholls v. Indus. Comm.*, 81 Ohio St.3d 454, 459, 692 N.E.2d 188 (1998). The commission is required to identify and explain the basis for invoking its continuing jurisdiction. *State ex rel. Lowe v. Cincinnati, Inc.*, 124 Ohio St.3d 204, 2009-Ohio-5864, 921 N.E.2d 205, ¶ 17.

{¶ 15} Here, the commission determined that the staff hearing officer's failure to address the employer's critical argument about an intervening injury was a mistake of law. Sheppard contends that the hearing officer was not required to address an intervening injury; thus, failure to address the issue was not a mistake of law justifying the exercise of continuing jurisdiction.

{¶ 16} Permanent total disability is defined as the inability to perform sustained remunerative employment as a result of the allowed conditions in the claim. Ohio Adm.Code 4121-3-34(B)(1); *State ex rel. Nissin Brake Ohio, Inc. v. Indus. Comm.*, 127 Ohio St.3d 385, 2010-Ohio-6135, 939 N.E.2d 1242, ¶ 12. The

burden is on the claimant to establish that the disability is permanent and that the inability to work is causally related to the allowed conditions. Ohio Adm.Code 4121-3-34(D)(3)(a); *State ex rel. LTV Steel Co. v. Indus. Comm.*, 65 Ohio St.3d 22, 23, 599 N.E.2d 265 (1992). An intervening injury is one that is not related to the allowed claim and breaks the causal connection between the industrial injury and the disability. *Cascone v. Herb Kay Co.*, 6 Ohio St.3d 155, 451 N.E.2d 815 (1983). An intervening injury could eliminate the industrial injury as the proximate cause of the inability to work and thus destroy the claimant's eligibility for permanent-total-disability compensation.

{¶ 17} The court of appeals relied on *Mackey,* 2010-Ohio-3522, as authority that a hearing officer's failure to address an issue raised by an employer constitutes a mistake of law sufficient for the commission to invoke its continuing jurisdiction. In *Mackey*, the hearing officer awarded the claimant compensation for permanent total disability, but the order did not address the employer's argument that the claimant had voluntarily retired. Mackey's employer moved for reconsideration, alleging that the hearing officer had made a clear mistake of law when he failed to address the issue of voluntary abandonment of employment. The commission agreed. Upon reconsideration, the commission found that Mackey had voluntarily retired and was ineligible for permanent-total-disability compensation.

{¶ 18} We affirmed. 130 Ohio St.3d 108, 2011-Ohio-4910, 955 N.E.2d 1005. We held that because the issue of voluntary abandonment was critical to Mackey's eligibility for an award, the hearing officer's failure to address the issue was a clear mistake of law, and the commission did not abuse its discretion when it reopened the issue of Mackey's eligibility for compensation in order to consider the effect of Mackey's retirement. *Id.*, ¶ 5.

{¶ 19} Sheppard argues that *Mackey* is distinguishable because it involves voluntary abandonment, an issue that Ohio Adm.Code 4121-3-34(D)(1)(d)

requires a hearing officer to address, whereas there is no similar requirement that a hearing officer address an argument involving an intervening injury.

{¶ 20} Sheppard's narrow focus on the particular issue of voluntary retirement fails to acknowledge other factors that the commission must consider in evaluating proximate cause and ultimately, the claimant's eligibility for benefits. Like voluntary retirement or abandonment of employment, an intervening injury is critical to the issue of proximate cause and to determining whether the claimant is eligible for permanent-total-disability compensation. It is true that the commission's administrative guidelines expressly require the hearing officer to address the issue of voluntary abandonment, Ohio Adm.Code 4121-3-34(D)(1)(d), but the Code also requires the hearing officer to specifically determine whether the claimant established proximate cause. Ohio Adm.Code 4121-3-34(D)(1)(h) and (3)(e).

{¶ 21} Sheppard also argues that there is no indication in the record that the employer actually brought the intervening injury to the hearing officer's attention during the hearing. Sheppard did not raise this argument below; thus, it is waived. *State ex rel. Quarto Mining Co. v. Foreman*, 79 Ohio St.3d 78, 81-83, 679 N.E.2d 706 (1997). Nevertheless, there is no dispute that the record contained evidence substantiating the 2002 injury. Furthermore, a hearing officer is required to review all relevant factors in the record that may affect the claimant's ability to work, Ohio Adm.Code 4121-3-34(D)(3)(g), and the 2002 injury would be one of those factors.

{¶ 22} Therefore, the commission did not abuse its discretion when it determined that the hearing officer's failure to address the intervening-injury argument was a mistake of law that justified the commission's reopening the claim to examine the issue. *Mackey*, 130 Ohio St.3d 108, 2011-Ohio-4910, 955 N.E.2d 1005. Once the commission specifically identified the grounds that

constituted a mistake of law, the commission did not abuse its discretion in exercising its continuing jurisdiction.

*The Commission's Authority to Modify or Change a Former Order*

{¶ 23} Sheppard contends that once the commission determined that there was insufficient evidence that an intervening injury broke the causal connection between his allowed conditions and his inability to work, it did not have authority to review the merits of his underlying application and deny his request for compensation.

{¶ 24} R.C. 4123.52(A) confers broad authority on the commission to "make such modification or change" to a former finding or order "as, in its opinion, is justified." The commission's broad authority under R.C. 4123.52 permits it to address any issues pertaining to the order in question. *State ex rel. Haddox v. Indus. Comm.*, 135 Ohio St.3d 307, 2013-Ohio-794, 986 N.E.2d 939, ¶ 32. When the commission granted the employer's request to reconsider and exercised its continuing jurisdiction, it vacated the underlying order of the staff hearing officer. Once the commission vacated the entire order, it was required to reexamine all facets of Sheppard's eligibility for compensation. *See State ex rel. York Internatl. Corp. v. Kopis*, 114 Ohio St.3d 442, 2007-Ohio-4556, 872 N.E.2d 1221, ¶ 9. This reexamination legitimately included not only evidence of the intervening injury, but also all the evidence on the merits of the underlying request for permanent-total-disability compensation.

{¶ 25} Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

PFEIFER, J., dissents.

_____

**PFEIFER, J., dissenting.**

{¶ 26} Robert L. Sheppard filed an application for permanent-total-disability compensation, which was granted. For whatever reason, the hearing officer who granted the application failed to consider the effect of an intervening injury. The employer filed a request for reconsideration, based on the hearing officer's failure to consider that issue. The commission reviewed the matter and agreed that the intervening injury had not been properly considered. Then, after a hearing, the commission considered the intervening injury and concluded that there was insufficient evidence to conclude that the injury had broken the causal connection between Sheppard's current symptoms and the allowed conditions of his claim.

{¶ 27} In a just world, that would have been the end of the matter. But even though the legitimate reason for the reconsideration request had been determined to be insufficient to undermine the grant of compensation, the commission, as part of its continuing jurisdiction, decided to review the entire claim. Reviewing a different medical report than the hearing officer had reviewed, the commission concluded that Sheppard's application for permanent-total-disability compensation should not be granted.

{¶ 28} This process and the ensuing result strike me as unfair to Sheppard. There is no reason to believe that his claim would have been reviewed absent the appeal by his employer, in which case, his claim would have remained undisturbed. That an appeal, which, though legitimate, ultimately proved to be without merit, has nevertheless resulted in Sheppard's claim being denied is a big-picture cause for concern.

{¶ 29} Losers in workers' compensation claims, whether employers or employees, will now have incentive to scour records to search for any conceivable mistake of law, however trivial. Even if the reason for reconsideration is not sufficient to lead to a different result, the party will have reason to hope that the

commission will review the entire claim, as part of its ongoing jurisdiction. That party will hope for a different result, whether because of a report from a different doctor or for any number of reasons. The upshot of the decision today is that parties in workers' compensation cases will have little prospect of finality, even barring a change in health or other circumstance, and every incentive to prolong the process as much as possible. Under the reasoning of today's decision, there is always a chance that the commission will reach a different result and that a party, again, whether employer or employee, will get multiple chances to obtain its desired result.

{¶ 30} I dissent.

––––––––––––––––––––

Philip J. Fulton Law Office, Chelsea J. Fulton, and Philip J. Fulton, for appellant.

Michael DeWine, Attorney General, and Patsy A. Thomas, Assistant Attorney General, for appellee Industrial Commission.

Hanna, Campbell & Powell, L.L.P., and Lori A. Whitten, for appellee Shelly & Sands, Inc.

––––––––––––––––––––––––––