[Cite as *State ex rel. Smith v. Indus. Comm.*, 2024-Ohio-1226.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Marion Smith, | : | |
| Relator, | : | |
| | : | No. 22AP-112 |
| v. | : | (REGULAR CALENDAR) |
| Industrial Commission of Ohio et al., | : | |
| Respondents. | : | |

D E C I S I O N

Rendered on March 29, 2024

**On brief:** *Knisley Law Offices*, *Kurt A. Knisley*, and *Daniel S. Knisley*, for relator.

**On brief:** *Dave Yost*, Attorney General, and *Cindy Albrecht*, for respondent Industrial Commission of Ohio.

**On brief:** *Reminger Co.*, *L.P.A.*, *Kevin R. Sanislo*, *Kelsey S. Gee*, and *Bruce H. Fahey*, for respondent Prime Healthcare Foundation-Coshocton, LLC.

IN MANDAMUS
ON OBJECTION TO THE MAGISTRATE'S DECISION

JAMISON, J.

{¶ 1} Relator, Marion Smith, initiated this original action requesting this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order of August 16, 2021 denying Smith's temporary total disability ("TTD") compensation, and issue a new order reinstating TTD compensation.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this court referred the matter to a magistrate. The magistrate issued the appended decision, including findings of fact and conclusions of law. The magistrate determined the

commission identified a mistake of fact and properly exercised its continuing jurisdiction, and recommends we deny Smith's request for a writ of mandamus.

{¶ 3} Pursuant to Civ.R. 53, Smith filed an objection to the magistrate's decision, and we must independently review the decision to ascertain if "the magistrate has properly determined the factual issues and appropriately applied the law." Civ.R. 53(D)(4)(d).

{¶ 4} To obtain a writ of mandamus, a relator must establish that it has a clear legal right to the relief requested and that the commission has a clear legal duty to provide the relief. *State ex rel. AutoZone, Inc. v. Indus. Comm.*, 117 Ohio St.3d 186, 2008-Ohio-541. A relator must show it has a clear legal right by demonstrating "that the commission abused its discretion by entering an order unsupported by some evidence in the record." *State ex rel. Hughes v. Goodyear Tire & Rubber Co.*, 26 Ohio St.3d 71, 73 (1986).

{¶ 5} Where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. *State ex rel. Arias v. Indus. Comm.*, 49 Ohio St.3d 76 (1990).

{¶ 6} "[T]he jurisdiction of the industrial commission and the authority of the administrator of workers' compensation over each case is continuing, and the commission may make such modification or change with respect to former findings of orders with respect thereto, as, in its opinion is justified." R.C. 4123.52(A). The commission may exercise its continuing jurisdiction if one of the following prerequisites is met: "(1) new and changed circumstances, (2) fraud, (3) clear mistake of fact, (4) clear mistake of law, or (5) error by an inferior tribunal." *State ex rel. Gobich v. Indus. Comm.*, 103 Ohio St.3d 585, 2004-Ohio-5990, ¶ 14.

{¶ 7} Smith objects to the magistrate's decision arguing clear error and abuse of discretion in finding continuing jurisdiction based on a mistake of fact. When a mistake of fact is recognized, the error must be "identified and explained." *Id.* at ¶ 15.

{¶ 8} The commission identified a mistake of fact in that the staff hearing officer ("SHO") erroneously believed Smith's absence from the workforce from 2016 to 2020 was caused by his work-place injury, and also noted a mistake of law in that the SHO improperly determined circumstances regarding Smith's departure from the workplace were not legally relevant. The matter was set for a hearing to determine if the alleged mistakes of fact and law supported invoking the commission's continuing jurisdiction.

{¶ 9} Smith testified that he stopped working because of physical limitations and pain. However, there was no medical evidence to support the absence. The medical records reflect that Smith was capable of working, but was retired, and included anecdotes that Smith was able to enjoy extended vacations.

{¶ 10} The commission relied on the reports from Nicholas Varrati, M.D., Manhal Ghanma, M.D., David Louis, M.D., and Teresa Larsen, D.O., to find there was medical evidence Smith could work with restrictions and was not disabled from employment. The commission was able to articulate its basis for exercising continuing jurisdiction and, therefore, had some evidence to vacate the SHO's order.

{¶ 11} We find the commission did not abuse its discretion when it identified a mistake of fact and properly determined the mistake warranted its continuing jurisdiction. This conclusion is supported by the record.

{¶ 12} Smith also objects to the exercise of continuing jurisdiction on the basis of mistake of law. Smith argues the magistrate failed to determine if a mistake of law occurred but offered no legal argument to support his claims. However, we note that a single mistake of fact is all that is needed to justify the commission's exercise of continuing jurisdiction. *State ex rel. Bennett v. Aldi, Inc.*, 10th Dist. No. 14AP-632, 2016-Ohio-83. Once a prerequisite to invoking continuing jurisdiction is established, there is no need for further determination of other criteria. *Id.*

{¶ 13} Upon review of the magistrate's decision, an independent review of the record, and careful review of Smith's objection, we find the magistrate has properly determined the pertinent facts and concluded that a writ of mandamus is not warranted. We overrule Smith's objection and adopt the magistrate's findings of fact and conclusions of law.

{¶ 14} Accordingly, the requested writ of mandamus is hereby denied.

*Objection overruled*;
*writ of mandamus denied.*

BEATTY BLUNT and EDELSTEIN, JJ., concur.

_____

# APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Marion Smith, | : | |
| Relator, | : | |
| v. | : | No.  22AP-112 |
| Industrial Commission of Ohio et al., | : | (REGULAR CALENDAR) |
| Respondents. | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on September 11, 2023

*Knisley Law Office*, *Kurt A. Knisley*, and *Daniel S. Knisley*, for relator.

*Dave Yost*, Attorney General, and *Cindy Albrecht*, for respondent Industrial Commission of Ohio.

*Frost Brown Todd LLC*, *Noel C. Shepard*, and *Steven M. Tolbert*, *Jr.*, for respondent Prime Healthcare Foundation-Coshocton, LLC.

IN MANDAMUS

{¶ 15} Relator Marion Smith ("claimant") has filed this original action requesting this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order that granted the motion for continuing jurisdiction filed by respondent Prime Healthcare Foundation-Coshocton, LLC ("employer").

Findings of Fact:

{¶ 16} 1. Claimant was injured on August 8, 2013, in the course of and arising from his employment with the employer while lifting a patient out of bed. Claimant was the physical therapist director for employer from April 1973 to late 2013/early 2014. Claimant was also a physical therapy director for Danan Physical Therapy-Home Health Services from April 1973 to February 2016, working 10 to 20 hours per week. Claimant was also a physical therapist for Ridenbaugh Rehab from February 2016 to November 2016.

{¶ 17} 2. Claimant filed a workers' compensation claim, which was subsequently allowed for cervical sprain/strain; right shoulder sprain/strain; right supraspinatus and subscapularis rotator cuff tears; right labral tear; and substantial aggravation of pre-existing cervical spondylosis at C3-4, C4-5, and C5-6.

{¶ 18} 3. The October 17, 2016, treatment records of Clayton Gibson, M.D., indicate, in pertinent part, that, after a three-week holiday in Mississippi to visit his daughter, claimant notes some loss of internal rotation of his right shoulder and increase in symptoms of his right shoulder.  No work restrictions were noted.

{¶ 19} 4. The November 28, 2016, treatment records of Roni Kanavel, P.A., indicate, in pertinent part, that claimant will be leaving for Mississippi at the beginning of January and will not return until April. No work restrictions were noted.

{¶ 20} 5. The January 24, 2017, treatment records of Nicholas Varrati, M.D., indicate the following, in pertinent part: (1) claimant continues to be retired/work part-time as a self-employed physical therapist; (2) claimant has not worked the last three to four months; (3) claimant is taking time to see his family and daughter in Mississippi; and (4) work restrictions are no lifting more than 15 to 20 pounds and limited bending/twisting.

{¶ 21} 6. The March 21, 2017, independent medical examination ("IME") report of Manhal Ghanma, M.D., indicates the following, in pertinent part: (1) clamant is not currently working; (2) claimant stopped working in October or November 2016, and had cut his activity down at work to one or two patients per week, and then decided to end his work activities; and (3) there is no evidence to support that claimant is unable to perform the job duties he had before he retired as a physical therapist from the hospital.

{¶ 22} 7. The April 24, 2017, treatment records of Dr. Varrati indicate, in pertinent part, the following: (1) claimant continues to be retired and has not worked since the fall of

2016; and (2) claimant has work restrictions of no lifting more than 15 to 20 pounds and limited bending/twisting.

{¶ 23} 8. The July 31, 2017, treatment records of Dr. Varrati indicate, in pertinent part, the following: (1) claimant continues to be retired and has not worked since the fall of 2016; and (2) claimant has work restrictions of "retired."

{¶ 24} 9. The January 2, 2018, treatment records of Dr. Varrati indicate that claimant's work restrictions are "retired."

{¶ 25} 10. On March 28, 2018, at the request of the employer, David Louis, M.D., examined claimant and found the following: (1) since the initial injury, claimant became retired but reportedly then became a part-time self-employed therapist and continued to perform essentially the same work; (2) claimant is not permanently and totally disabled; (3) the allowed physical conditions do not prevent him from engaging in all forms of remunerative employment; (4) claimant has been able to continue his work activities as a physical therapist up to 2016; (5) claimant is able to perform work in a sedentary work category; and (6) claimant can still drive, walk, and stand for certain amounts of time, belongs to various clubs, and is capable of performing limited shopping, watering plants, and occasional weed pulling.

{¶ 26} 11. On June 15, 2018, at the request of the commission, Teresa Larson, D.O., examined claimant for a permanent total disability ("PTD") compensation impairment evaluation and found, in pertinent part, the following: (1) claimant worked for the employer fulltime from 1973 to early 2014, when he retired from the hospital; (2) claimant then worked as a physical therapist for Ridenbaugh Rehab from February 2016 to November 2016; (3) claimant also worked part-time as a physical therapy director for a home health services company from 1973 to 2016; (4) claimant is capable of performing a sedentary level of physical demand with lifting up to 10 pounds occasionally and 20 pounds rarely, no overhead work activities, and no repetitive bending or twisting activities; (5) it is noted that claimant continued his work activities at a sedentary to light level until 2016 by doing evaluations, charting, and supervising, and he remains capable of performing these types of activities; and (6) claimant has reached maximum medical improvement ("MMI").

{¶ 27} 12. Dr. Varrati's July 13, September 14, and November 9, 2020, treatment records indicated that claimant's work restrictions were: "RETIRED." (Emphasis sic.)

{¶ 28} 13. In the September 2, 2020, medical report of Donald Rohl, D.O., Dr. Rohl suggested a C3-C6 anterior cervical decompression and fusion.

{¶ 29} 14. On December 11, 2020, claimant requested authorization for a cervical fusion and temporary total disability ("TTD") compensation. The commission authorized the surgery but dismissed the request for TTD compensation at claimant's request in a January 6, 2021, order.

{¶ 30} 15. On January 21, 2021, Dr. Varrati completed a MEDCO-14. Dr. Varrati indicated claimant was unable to perform his former employment from July 13, 2020, to April 16, 2021.

{¶ 31} 16. On January 25, 2021, claimant underwent surgery from Ying Chen, D.O.

{¶ 32} 17. On March 1, 2021, claimant filed a request for TTD compensation beginning July 13, 2020. The C-84 form indicated claimant had been receiving Social Security retirement benefits since January 1, 2014.

{¶ 33} 18. On March 30, 2021, a district hearing officer ("DHO") granted claimant's request for TTD compensation, finding the following: (1) claimant has proven by a preponderance of the evidence that he is temporarily and totally disabled based on currently allowed conditions and the period of TTD compensation is causally related back to claimant's August 8, 2013, industrial accident; (2) claimant has not yet reached MMI for all currently allowed conditions; and (3) payment of TTD compensation is granted from July 13, 2020, to the present and to continue upon submission of medical evidence of disability based on Dr. Varrati's January 21, 2021, MEDCO-14; Dr. Varrati's May 12, 2020, through January 12, 2021, office notes; the September 2, 2020, medical report of Dr. Rohl; the January 25, 2021, operative report of Dr. Chen; the June 15, 2018, medical report of Dr. Larson; the January 24, and April 24, 2017, office notes of Dr. Varrati and Michele Dawson, CNP; and claimant's testimony at hearing that he: (a) retired in December 2013 from working for the employer due to ongoing physical issues with his lower back, neck, and right shoulder regions but attempted to work part-time in 2014 for six to eight months as a physical therapist until these same physical issues stopped him again from working; and (b) has not been working from 2016 to 2020 due to these same physical issues with lower back, neck, and right shoulder regions. The employer appealed.

{¶ 34} 19. On May 20, 2021, a staff hearing officer ("SHO") affirmed the DHO's order, relying upon essentially the same medical evidence cited by the DHO. The SHO also relied upon claimant's testimony that he stopped working for the employer and a subsequent employer due to physical limitations and pain that made it impossible to continue working, even in the relatively lighter job with the subsequent employer. In addition, the SHO found that the defense of voluntary abandonment of employment was abrogated by R.C. 4123.56(F); arguments regarding the circumstances surrounding claimant's departure from employment are no longer legally relevant; and the evidence relied upon is sufficient to establish that claimant is unable to return to work at his former position of employment due to the allowed conditions. The employer appealed, but the commission refused the appeal on June 10, 2021.

{¶ 35} 20. On June 22, 2021, the employer filed a request for reconsideration. On July 15, 2021, the commission issued an interlocutory order, referring the matter to the commission-level hearings section for adjudication before the members of the commission on the issues of continuing jurisdiction and TTD. The commission found the following: (1) the employer has presented evidence of sufficient probative value to warrant adjudication of the request for reconsideration regarding the alleged presence of a clear mistake of fact in the order from which reconsideration is sought, and clear mistake of law of such character that remedial action would clearly follow; (2) specifically, it is alleged in awarding TTD compensation starting July 13, 2020, the SHO erroneously found claimant's absence from the workforce from 2016 to 2020 was injury induced; (3) the SHO improperly found under R.C. 4123.56(F) that arguments regarding the circumstances surrounding claimant's departure from employment are no longer legally relevant; (4) the June 10, 2021, order is vacated; (5) the matter is set for hearing to determine whether the alleged clear mistakes of fact and law are sufficient for the commission to invoke its continuing jurisdiction and to hear the merits of the underlying issues; and (6) if the commission invokes continuing jurisdiction, it will proceed to address the merits of the underlying issues.

{¶ 36} 21. The commission held a hearing on August 10, 2021, and issued a decision on August 27, 2021. In the decision, the commission vacated the SHO order, denied TTD compensation from July 13, 2020, through April 17, 2021, and found the following: (1) the employer has met its burden of proving the SHO order contains a clear mistake of law of

such character that remedial action would clearly follow, and clear mistake of fact in the order from which reconsideration is sought; (2) specifically, in granting TTD compensation, the SHO erred in finding claimant's absence from the workforce from 2016 to 2020 was injury induced, and erred in finding arguments regarding the circumstances surrounding claimant's departure from employment were no longer legally relevant under R.C. 4123.56(F); (3) therefore, the commission exercises its continuing jurisdiction; (4) the employer's request for reconsideration is granted and the SHO's order is vacated; (5) TTD compensation is denied pursuant to R.C. 4123.56(F), because claimant was not working from July 13, 2020, through April 17, 2021, for reasons unrelated to the allowed claim; (6) claimant last worked in 2016, and medical evidence issued subsequently provided claimant with restrictions but did not indicate claimant was disabled from working, and noted claimant continued to be retired; (7) the commission relies upon Dr. Varrati's January 24, 2017, report in the reference claim; Dr. Varrati's January 2, 2018, and November 9, 2020, reports; and Dr. Ghanma's March 21, 2017, report; (8) after departing the workforce in 2016, claimant took extended time to visit family members in Florida and Mississippi; (9) claimant filed an IC02 application for PTD compensation on January 26, 2018, and was examined by David Louis, M.D., and Dr. Larson; (10) in Dr. Louis's March 28, 2018 report, he opined that claimant was capable of sedentary work; (11) in Dr. Larson's June 15, 2018, report, Dr. Larson noted claimant was performing sedentary to light-level work until 2016 and opined claimant remained capable of performing those activities; and (12) accordingly, claimant is ineligible to receive TTD compensation from July 13, 2020, through April 17, 2021, because any loss of wages during that period was the direct result of reasons unrelated to the allowed injury.

{¶ 37} 22. On February 17, 2022, claimant filed a petition for writ of mandamus, requesting that this court issue a writ of mandamus ordering the commission to vacate its order that granted the employer's motion for continuing jurisdiction.

Conclusions of Law and Discussion:

{¶ 38} The magistrate recommends that this court deny claimant's request for a writ of mandamus.

{¶ 39} In order for this court to issue a writ of mandamus, a claimant must ordinarily show a clear legal right to the relief sought, a clear legal duty on the part of the

respondent to provide such relief, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967).

{¶ 40} A clear legal right to a writ of mandamus exists where the claimant shows that the commission abused its discretion by entering an order that is not supported by any evidence in the record. *State ex rel. Elliott v. Indus. Comm.*, 26 Ohio St.3d 76 (1986). On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. *State ex rel. Lewis v. Diamond Foundry Co.*, 29 Ohio St.3d 56 (1987). Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. *State ex rel. Teece v. Indus. Comm.*, 68 Ohio St.2d 165 (1981).

{¶ 41} Here, claimant's petition in mandamus and merit brief challenge only the commission's determination regarding the commission's decision to exercise continuing jurisdiction. The commission's decision to exercise continuing jurisdiction is reviewable in mandamus before this court. *See State ex rel. Toledo Refining Co. LLC v. Indus. Comm. of Ohio*, 10th Dist. No. 20AP-199, 2021-Ohio-2829, ¶63, citing *State ex rel. Belle Tire Distribs., Inc. v. Indus. Comm.*, 154 Ohio St.3d 488, 2018-Ohio-2122, ¶ 18. Pursuant to R.C. 4123.52, "[t]he jurisdiction of the industrial commission and the authority of the administrator of workers' compensation over each case is continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified." R.C. 4123.52(A) contains a clear and broad grant of continuing jurisdiction to the commission. *State ex rel. Neitzelt v. Indus. Comm.*, 160 Ohio St.3d 175, 2020-Ohio-1453, ¶ 15. However, that jurisdiction is conditioned on specific criteria: (1) new and changed circumstances, (2) fraud, (3) clear mistake of fact, (4) clear mistake of law, or (5) error by an inferior tribunal. *State ex rel. Nicholls v. Indus. Comm.*, 81 Ohio St.3d 454, 459 (1998). When one or more of these circumstances is recognized, the error must be identified and explained. *State ex rel. Waste Mgmt. of Ohio, Inc. v. Indus. Comm.*, 10th Dist. No. 19AP-453, 2021-Ohio-2478, ¶ 6, quoting *State ex rel. Gobich v. Indus. Comm.*, 103 Ohio St.3d 585, 2004-Ohio-5990, ¶ 15. It is not enough to say, for example, that there has been an error of law. *Gobich* at ¶ 15. The order must also state what the error is. *Id*. This allows the party opposing reconsideration to prepare a meaningful defense to the assertion that continuing jurisdiction is warranted and permits

a reviewing court to determine whether continuing jurisdiction was properly invoked. *Id.* An all-encompassing discussion regarding each mistake is not required; the commission must only identify and explain the bases for continuing jurisdiction. *Id.*

{¶ 42} A single mistake of fact or mistake of law is all that is needed to justify the commission's exercise of continuing jurisdiction. *State ex rel. Ottinger v. B&B Wrecking & Excavating, Inc.*, 10th Dist. No. 19AP-745, 2023-Ohio-1758, ¶ 19. As long as some medical evidence supports the commission's findings, those findings will not be disturbed. *State ex rel. Pritt v. Indus Comm.*, 10th Dist. No. 17AP-98, 2018-Ohio-1066, ¶ 13. Even if there is "conflicting evidence before the commission, this court does not re-weigh the evidence in mandamus." *State ex rel. Cincinnati, Inc. v. Lowe*, 10th Dist. No. 04AP-241, 2005-Ohio-516, ¶ 6. The standard of review for determining whether the commission properly asserted continuing jurisdiction is abuse of discretion. *Waste Mgmt. of Ohio* at ¶ 6, citing *Neitzelt* at ¶ 23.

{¶ 43} The clear mistake of fact to support continuing jurisdiction must be more than a legitimate disagreement as to the evidence, but a factual finding in the SHO's order that is not supported by the record. *State ex rel. Arnett v. Indus. Comm.*, 10th Dist. No. 11AP-238, 2012-Ohio-4903. Similarly, a clear mistake of law exists in the case when the hearing officer applies the wrong law to the facts in the administrative record. *State ex rel. McNea v. Indus. Comm.*, 131 Ohio St.3d 408, 2012-Ohio-1296, ¶ 10. When the commission decides to exercise continuing jurisdiction and vacate a hearing officer's order, it will re-examine all aspects of the claim. *State ex rel. Sheppard v. Indus. Comm.*, 139 Ohio St.3d 223, 2014-Ohio-1904, ¶ 24.

{¶ 44} R.C. 4123.56(F) provides the following:

> (F) If an employee is unable to work or suffers a wage loss as the direct result of an impairment arising from an injury or occupational disease, the employee is entitled to receive compensation under this section, provided the employee is otherwise qualified. If an employee is not working or has suffered a wage loss as the direct result of reasons unrelated to the allowed injury or occupational disease, the employee is not eligible to receive compensation under this section. It is the intent of the general assembly to supersede any previous judicial decision that applied the doctrine of voluntary abandonment to a claim brought under this section.

{¶ 45} Here, claimant asserts that the commission abused its discretion by exercising continuing jurisdiction for the following two reasons: (1) the commission failed to demonstrate an evident mistake of fact in the SHO's determination that claimant's period of indemnity was caused by the industrial injuries; and (2) the commission failed to demonstrate an evident mistake of law in determining that arguments surrounding the circumstances of claimant's departure from employment were no longer legally relevant under R.C. 4123.56(F). With regard to the first argument, claimant contends that the commission failed to demonstrate a mistake of fact in the SHO's determination that his period of disability was caused by his industrial injuries. Claimant asserts that to justify the exercise of continuing jurisdiction based upon a mistake of fact, the commission must rely upon objectively verifiable inaccuracies in the record, and a difference of opinion as to the weight of the evidence does not constitute a mistake of fact. Claimant contends that, in the case at bar, the full commission expressly cited the SHO's finding that claimant's absence from the workforce from 2016 to 2020 was injury induced to justify continuing jurisdiction, yet this rationale fails to cite any inaccuracies in the record specifically relied upon by the SHO as justification to exercise continuing jurisdiction. Instead, claimant asserts, the commission simply had a difference of opinion as to the weight of the evidence and cited no evidence in its order to justify continuing jurisdiction.

{¶ 46} However, the magistrate finds that the commission, in fact, identified the SHO's mistake of fact in its August 27, 2021, decision and then relied upon some evidence to support its finding. In its decision, the commission found that the SHO's mistake of fact was that claimant's absence from the workforce from 2016 to 2020 was injury induced. Later in the decision, the commission found that claimant last worked in 2016, and the medical evidence issued subsequently provided claimant with restrictions, did not indicate claimant was disabled from working, and noted claimant continued to be retired. The commission expressly relied upon Dr. Varrati's January 24, 2017; January 2, 2018; and November 9, 2020, reports; and Dr. Ghanma's March 21, 2017, report. As set forth above, Dr. Varrati's January 24, 2017, treatment record indicates that claimant continues to be retired/work part-time as a self-employed physical therapist; has not worked the last three to four months; is taking time to see his family and daughter in Mississippi; and has work restrictions of no lifting more than 15 to 20 pounds and limited bending/twisting. Dr.

Varrati's January 2, 2018, treatment record indicates that claimant's work restrictions are "retired." Dr. Varrati's November 9, 2020, treatment record indicates that claimant's work restrictions are "RETIRED." (Emphasis sic.) Dr. Ghanma's March 21, 2017, report indicates that clamant is not currently working; claimant stopped working in October or November 2016, had cut his activity down at work to one or two patients per week, and then decided to end his work activities; and there is no evidence to support that claimant is unable to perform the job duties he had before he retired as a physical therapist from the hospital. Based upon this evidence, the magistrate agrees with the commission that the SHO's factual finding that claimant's absence from the workforce from 2016 to 2020 was injury induced was erroneous. Claimant's own doctor, Dr. Varrati, never opined that claimant was incapable of work from 2016 to 2020 due to his 2013 injury and indicated only that claimant had retired and was visiting his family. There was simply a lack of medical evidence to support the SHO's factual finding that claimant's absence from the workforce from 2016 to 2020 was injury induced. Therefore, the magistrate finds there was some evidence to support the commission's conclusion that the SHO's order contained a mistake of fact sufficient to invoke continuing jurisdiction, and the commission's order invoking continuing jurisdiction was not an abuse of discretion.

{¶ 47} Claimant next argues that the commission failed to demonstrate the SHO committed a mistake of law in determining that arguments surrounding the circumstances of claimant's departure from employment were no longer legally relevant under R.C. 4123.56(F). However, as explained above, a single mistake of fact or mistake of law is all that is needed to justify the commission's exercise of continuing jurisdiction. *See Ottinger* at ¶ 19. The magistrate has already concluded that the commission did not abuse its discretion when it invoked continuing jurisdiction based upon a mistake of fact; thus, there is no need to address whether the commission's determination that the SHO also committed a mistake of law was an abuse of discretion. Furthermore, once the commission properly invoked continuing jurisdiction, it was vested with the authority to address any issues pertaining to the entire order. *See State ex rel. Sheppard v. Indus. Comm.*, 10th Dist. No. 11AP-553, 2012-Ohio-4301, ¶ 7, citing *State ex rel. Hayes v. Indus. Comm.*, 10th Dist. No. 01AP-1087, 2002-Ohio-3675.

{¶ 48} Consequently, because the only issue claimant raises in mandamus is whether the commission abused its discretion in invoking continuing jurisdiction, and the magistrate has concluded the commission did not abuse its discretion based upon the SHO's mistake of fact, the analysis is at an end, and claimant is not entitled to a writ of mandamus.

{¶ 49} Accordingly, it is the magistrate's decision that this court should deny claimant's petition for writ of mandamus.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.